# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ELVIS L. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1094 TIA |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

### Background

On December 13, 2003, petitioner severely beat his girlfriend. When the police arrived at the scene, they found the victim covered in bruises and blood. When emergency medical personnel arrived she was completely unresponsive. The victim suffered severe head injuries that left her unable to feed or care for herself or to carry on a conversation.

A grand jury indicted petitioner on one count of felony domestic assault in the first degree and one count of armed criminal action. A jury trial was held. Petitioner moved for judgment of acquittal at the close of all evidence. The court sustained the

motion as to the offense of armed criminal action. On September 13, 2005, the jury found petitioner guilty of domestic assault in the first degree. On October 21, 2005, the court sentenced petitioner to life imprisonment.

## Grounds for Relief

1. The trial court erred in denying petitioner's motion for judgment of acquittal at the close of all evidence because the evidence was insufficient to support the conviction.

2. The trial court erred in admitting exhibits 8 and 9, photographs of the injuries inflicted upon the victim by petitioner, because they were cumulative to exhibit 6.

3. Trial counsel was ineffective for failing to call Milton Stennis and Melvin Hill to testify about petitioner's whereabouts between the hours of 9:00 p.m and 11:45 p.m.

4. Trial counsel was ineffective for advising petitioner not to testify at trial.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or

"was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

To prevail on a claim of ineffective assistance of counsel on direct appeal, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince

a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

**Discussion**

1.  Ground One

In ground one of the petition, petitioner argues that the trial court erred in denying petitioner's motion for judgment of acquittal at the close of all evidence because the evidence was insufficient to support the conviction.

After reviewing the elements of the offense, Mo. Rev. Stat. § 565.072,[1] the Missouri Court of Appeals concluded that the evidence was sufficient to support the conviction. The court stated:

> Kim Eason testified that she lived in the same apartment building, two doors down the hall from the defendant and Ms. Lape. She testified that she heard repeated "skin on fist" "punching" noises coming from the apartment the defendant and Ms. Lape shared, that she heard what sounded like Ms. Lape's whole body hitting the door and being thrown into a wall, that she heard the sound of Ms. Lape being kicked, and that she heard the defendant shouting, "Get up, bitch. Get up, bitch." Ms.

---

[1]"A person commits the crime of domestic assault in the first degree if he or she attempts to kill or knowingly causes or attempts to cause serious physical injury to a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010, RSMo." Mo. Rev. Stat. § 565.072.

Eason identified the defendant as the person she heard shouting and testified that she was "very familiar" with the defendant's "distinctive" voice.

Police Officer Allen testified that entrance to the apartment building where the assault occurred required the front-desk clerk to admit, or "buzz in," visitors and that visitors had to sign in and show identification. Ms. Eason testified visitors were required to leave identification at the front desk for the duration of their visit. Ms. Eason testified that her apartment was located between the stairs and the apartment the defendant and Ms. Lape shared. She testified that she could hear anyone who passed her apartment, but that neither the defendant nor anyone else passed her apartment at the time of the assault. Further, Ms. Eason did not see anyone in the hallway.

Police Officers Allen and Stagner testified that the defendant answered the door when they arrived and that the defendant and Ms. Lape were alone in the apartment. Officer Stagner also testified that he saw no one else in the hallway. Officer Allen testified that when she asked Ms. Lape who had done this to her, Ms. Lape, who was otherwise unresponsive and unable to speak, looked at the defendant.

Officer Allen testified that the apartment in which the assault occurred was located on the fourth floor, and its only entrance was the door to the hallway. She stated that the apartment's two windows were locked from the inside, and that there was no balcony, terrace, or fire escape. Officer Allen testified that she searched the apartment for signs of forced entry and found none.

The State established, beyond a reasonable doubt, that the defendant was the person who knowingly assaulted Ms. Lape. The State also established that the defendant and Ms. Lape lived together and that the assault caused serious physical injury to Ms. Lape, issues the defendant does not contest on appeal. The evidence was sufficient to convict the defendant of domestic assault in the first degree.

Resp. Exh. 5 at 3-4.

Presuming the state court's factual findings to be correct, this Court finds the decision of the Missouri Court of Appeals to be a reasonable determination of the facts. As a result, petitioner is not entitled to relief on ground one of the petition.

2. Ground Two

In ground two of the petition, petitioner argues that the trial court erred in admitting exhibits 8 and 9, photographs of the injuries inflicted upon the victim by petitioner, because they were cumulative to exhibit 6.

Whether evidence was admissible under Missouri's evidence rules does not create a federal constitutional issue that is cognizable under the Court's limited jurisdiction. Estelle v. McGuire, 502 U.S. 62, 67 (1991). As a result, petitioner is not entitled to relief on ground two of the petition.

3. Ground Three

In ground three of the petition, petitioner argues that trial counsel was ineffective for failing to call Milton Stennis and Melvin Hill to testify about petitioner's whereabouts between the hours of 9:00 p.m and 11:45 p.m.

The Missouri Court of Appeals applied the Strickland analysis to this claim. The court rejected petitioner's claim because the evidence showed that the assault occurred at about 2:37 a.m., the time when petitioner's neighbor called 911. The court found that Stennis or Hill could not have provided petitioner with a valid alibi defense

because the assault occurred several hours after they saw petitioner. The court found that counsel could not have been ineffective for failing to call witnesses who would not have helped the defense.

The decision of the Missouri Court of Appeals is not contrary to, nor does it involve an unreasonable application of, clearly established federal law. As a result, petitioner is not entitled to relief on ground three of the petition.

4. Ground Four

In ground four of the petition, petitioner argues that trial counsel was ineffective for advising petitioner not to testify at trial.

The Missouri Court of Appeals analyzed this claim under Strickland. The court stated:

> At the close of the state's evidence, the trial court inquired whether Movant would exercise his right to testify. Defense counsel informed the trial court Movant chose not to testify. The trial court then questioned Movant on the record about his decision. Movant indicated he fully discussed the "positives and the negatives" with defense counsel when choosing not to testify. Movant was given an opportunity to ask the trial court any questions he might have with respect to his right to testify, but Movant stated he had no questions.
>
> At sentencing, Movant made a lengthy statement to the trial court reciting his explanation of what happened on the night of the assault. Movant proclaimed his innocence, stated someone must have broken into the apartment, and that the police, the security guard, and the 911 caller "had a lot to do with" him being set up for the crime. Movant discussed the alibi witnesses and how the victim responded when police questioned her.

> The trial court also questioned Movant about some aspects of his statement to clarify his testimony.
>
> The motion court stated in its judgment "Movant's explanation of the events of the night of the incident were [*sic*] not credible and there is no reasonabl[e] probability that had he testified that the jury would have had reasonable doubt regarding his guilt or that the outcome of the trial would have been different."
>
> Further, Movant had a prior conviction for aggravated battery in Louisiana that would have been revealed during his testimony. Defense counsel's advice that Movant refrain from testifying to prevent the disclosure of his prior conviction for a violent crime was reasonable, constituted sound trial strategy, and did not rise to the level of ineffectiveness.

Resp. Exh. 9 at 5-6.

The decision of the Missouri Court of Appeals is not contrary to, nor does it involve an unreasonable application of, clearly established federal law. As a result, petitioner is not entitled to relief on ground four of the petition.

**Conclusion**

For these reasons, the Court will dismiss petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Additionally, because petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.

Accordingly,

-8-

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this  29th  day of March, 2011.

                                                   /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE